McNULTY, Judge
(dissenting).
I concur that we have jurisdiction of the matter but I must, respectfully, dissent on the merits.
The majority recognize that the “entire purpose of the Citrus Commission is to promulgate rules and regulations, . to improve and promote one of Florida’s most important industries.” But apparently they measure the validity of the Citrus Commission regulation before us, i. e. 105-1.35, only by its operative effect on the transactions herein between a citrus grower such as petitioner Estero River Groves and an arms-length purchaser. It is my view that the criteria of validity must encompass more. We must consider all purposes for the creation of the Commission as set forth by its creator in F.S. § 601.02, F.S.A.1971, the relevant provisions of which are:
“(1) In the exercise of the police power to protect health and welfare and to stabilize and protect the citrus industry of the state.

(3) Because it is wise, necessary, and expedient to protect and enhance the quality and reputation of Florida citrus fruit and the canned and concentrated products thereof in domestic and foreign markets.
‡ sfc ifc ‡ ‡
(5) To stabilize the Florida citrus industry and to protect the public against fraud, deception, and financial loss through unscrupulous practices and haphazard methods in connection with the processing and marketing of citrus fruit and the canned or concentrated products thereof.” (Italics supplied)
Clearly, under these provisions, not only is it the function of the Florida Commission to protect growers and consumers, but it is empowered "to protect and enhance the quality and reputation of Florida citrus fruit” and "to stabilize the Florida citrus industry.”
It is rudimentary administrative law, of course, that broad discretion is vested in an administrative agency to determine the reasonableness of a given regulation in the light of its efficacy in accomplishing its intended purpose. The exercise of its discretion in this regard, while subject to judicial review, will not be set aside in the absence of a clear abuse of that discretion. I find no such abuse here. Certainly, the standardization of marketable fruit size (when, as here, there is no showing that the size standard is of itself unreasonable, arbitrary or capricious) may well be calculated to “stabilize and protect the citrus industry of the state” and “to protect and enhance” its “quality and reputation.” The Citrus Commission so determined; and its discretion in this regard must, on this record, be upheld.
I would deny certiorari.